## Tindal's Estate

*Frank O. Schilpp* of *Rambo & Mair*, for exceptant.
*Harold B. Bornemann*, contra.

VAN DUSEN, P. J., June 2, 1939.—Testator gave his estate in trust for his wife for life and then provided "at and upon her death, I order and direct that all said residue and remainder of my estate shall be paid over to and distributed among my heirs-at-law under the Intestate Laws of the State of Pennsylvania." If this were all, we would have to follow the general rule which prevailed before the Act of June 29, 1923, P. L. 914, and hold that these heirs are to be ascertained at the death of the testator and include the wife, though she was also life tenant.

Testator also gave a power of sale of real estate to his executors, who were his wife and another, and at the end of it he gave directions for the disposition of real estate which remained unsold at the death of his wife. He ordered and directed that it should be sold by the surviving executor without liability on the part of the purchaser to see to the application of the purchase money, "which said purchase money I order and direct shall be distributed to and among my heirs as hereinbefore provided." It is evident that testator thought that he was not making any different disposition of the unsold real estate from that which he had already made of his other property, but merely giving directions as to the method of distribution. These directions throw light on his meaning.

A direction to turn land into money after the death of a wife and distribute it to the heirs of the testator presents to our minds a picture which does not include the deceased wife or her estate as one of the distributees.

When the persons to whom a gift is made may or may not be living at the time of distribution, the use by the testator of such a verb as "pay", or "distribute", or "divide", does not necessarily imply that the distributee must be living to receive the gift: Carson's Estate, 16 D. & C. 99. But when a person who might otherwise be within the description of the distributees cannot be living at the time of distribution, a direction to turn into money for purposes of distribution denies the deceased person as one of the class. See Doflein's Estate, 16 Dist. R. 173.

As the auditing judge has excluded the estate of the deceased wife from distribution, and as we think this is correct, and as the only exceptions have come from the representatives of the wife, it is not necessary to further consider the matter. See Tatham's Estate, 250 Pa. 269.

The exceptions are dismissed and the adjudication is confirmed absolutely.